125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sonia Matildae UGARTE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70498.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1997.**
Decided Oct. 1, 1997.
 
 Petition for Review of Order of the Board of Immigration Appeals, No. Abz-xii-eyd.
 Before: KOZINSKI, MAYER*** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ugarte petitions for review of a final order of the Board of Immigration Appeals (BIA) denying her request for asylum and withholding of deportation. Because the BIA adopted the reasoning and conclusions of the Immigration Judge (IJ), we review the IJ's decision. Osorio v. INS, 99 F.3d 928, 931 (9th Cir.1996)
 
 
 3
 The IJ assumed that Ugarte had suffered past persecution, but found that she had failed to prove a well-founded fear of future persecution. Placing this burden on Ugarte was wrong as a matter of law. Under 8 C.F.R. § 208.13(b)(1)(i), "[i]f it is determined that the applicant has established past persecution, he shall be presumed also to have a well-founded fear of persecution unless a preponderance of the evidence establishes that since the time the persecution occurred conditions in the applicant's country ... have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if he were to return."
 
 
 4
 Osorio, decided after briefing was completed in this case, is directly on point:
 
 
 5
 In this case, neither the IJ nor the [BIA] recognized that [Ugarte] was entitled to a presumption in [her] favor if [her] testimony established past persecution. Although the decision to grant asylum is a discretionary one, application of an erroneous legal standard constitutes an abuse of that discretion. Moreover, although changed country conditions can under certain circumstances be used to rebut the presumption, the IJ took only cursory notice of the changes in Nicaragua and did not undertake the type of individualized analysis of [Ugarte]'s situation that we have found necessary to refute the presumption. Failure to recognize the existence of a presumption in [Ugarte]'s favor--much less to rebut that presumption in an individualized manner--constitutes an abuse of discretion requiring a remand.
 
 
 6
 If, on remand, the [BIA] ... determines that [Ugarte] has experienced past persecution, it must afford [her] the benefit of the presumption that [she] has a well-founded fear of future persecution. This presumption can be overcome only by an individualized analysis of [Ugarte]'s situation that demonstrates that changed conditions in Nicaragua have eliminated the basis for [Ugarte]'s individual fear of future persecution.
 
 
 7
 99 F.3d at 932-33 (citations omitted). We remand this case for further consideration in light of Osorio.
 
 
 8
 REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable H. Robert Mayer, United States Court of Appeals for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3